UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANGELA MUNOZ RODAS AND NELSON RODAS §§§§ Plaintiffs, | |
| V. § | Civil Action No. _____ |
| HOME DEPOT U.S.A., INC. §§§ Defendant. | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW, ANGELA MUNOZ RODAS and NELSON RODAS,** Plaintiffs, and allege the following based upon personal knowledge as to Plaintiffs and their own acts, and information and belief as to all other matters against Defendant, **HOME DEPOT U.S.A., INC.,** and in support thereof, would show as follows:

### I. PARTIES

1.  Plaintiff, **ANGELA MUNOZ RODAS** is an individual and resident of Cameron County, Texas.

2.  Plaintiff, **NELSON RODAS** is an individual and resident of Cameron County, Texas.

3.  Defendant, **Home Depot U.S.A., Inc.**, Store #6521, is a foreign corporation doing business in Texas and located at 4551 Padre Island Hwy, Brownsville, Texas 78521.  Home Depot U.S.A., Inc. may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 217 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

### II. JURISDICTION AND VENUE

4.     This Court has original jurisdiction pursuant to 28 USCA § 1332(a)(1) because the amount in controversy exceeds the value of $75,000 and there is a diversity of citizenship.

5.     This Court has personal jurisdiction over Defendant due to their presence in the State of Texas.  There are sufficient minimum contacts within the State of Texas, and jurisdiction would not offend traditional notions of fair play and substantial justice.

6.     Venue is proper pursuant to 28 USCA § 1391(b)(2) because a substantial part of the actions and/or omissions giving rise to this claim occurred in Cameron County, Texas.

### III. Facts

7.     On Monday, October 24, 2022, Mrs. Rodas went to Home Depot, Store #6521, which is located at 4551 Padre Island Hwy, Brownsville, Texas 78521 (the "Store") and owned and operated by the Defendant.

8.     Mrs. Rodas went to the Store to purchase goods and was accompanied by her husband, Nelson Rodas.  Mrs. Rodas had undergone prior medical procedures and was unable to walk due to two prothesis she had in each leg.  As a result of her prothesis, and to facilitate her shopping, Mrs. Rodas would utilize the electric carts at the Store.

9.     Mrs. Rodas went to the front of the Store to utilize the electric carts.  Upon arrival to the front, Mrs. Rodas encountered the carts, which were plugged into the wall.  In order to utilize the provided carts, Mrs. Rodas reached over to unplug the cart in order to operate it.  Unknown to Mrs. Rodas, the electric cord has been damaged, which upon making contact, severely electrocuted Mrs. Rodas.

10.    As a result of the incident, Mrs. Rodas has been injured.  While her mobility was limited prior to the incident, subsequent to her injury, she has lost all ability to perform day-to-day task in

which she was previously capable of performing, such as: cooking, cleaning, and performing personal care routines on her own.

11. Mrs. Rodas is unable to move her left arm due the pain, which has limited her mobility to shower, dress, or eat on her own.

12. Mrs. Rodas' leg pain now inhibits her ability to move around her home without the help of a family member or other form of assistance.

13. Mrs. Rodas' pain has prevented her from sleeping and has caused her to have an overwhelming anxiety to perform any task that would deal with an electrical current.

14. Mr. Rodas, the spouse of Angela Munoz Rodas, has suffered the loss of household services and consortium, due to the sever and disabling injuries caused to Mrs. Rodas by Defendant's conduct as described herein.

### IV. CAUSES OF ACTION

#### A. *Premises Claim by Invitee*

15. Plaintiffs hereby incorporate the statement of facts, and all preceding paragraphs, as if cited herein.

16. Defendant was the owner of Store #6521. Plaintiffs entered the Defendant's premises in response to Defendant's invitation and for their mutual benefit.

17. Defendant had control of the premises where the incident occurred and was responsible for inspecting and maintaining the premises.

18. The condition of the electric cart in question was a dangerous condition on the Defendant's premises that posed an unreasonable risk of harm to its patrons, including Mrs. Rodas. An ordinary prudent person could foresee that the carts having electrical voltage needed to operate should be inspected and maintained frequently. The failure to do so could foreseeably cause electrical wires

to be exposed, and cause individuals to injure themselves. The risk of this dangerous condition is unreasonable.

19. The Defendant knew or reasonably should have known of the danger. The Defendant controlled the premises and has employees that are responsible for monitoring the premises for any dangerous condition, including the electric carts.

20. The Defendant either knew the condition of the cart was unsafe or negligently failed to inspect and maintain the carts for a period of time so long, that Defendant through the exercise of ordinary care, should have discovered and removed or corrected the unsafe condition.

21. The Defendant breached its duty of ordinary care by failing to adequately warn the Plaintiff of the condition or by failing to make the condition reasonably safe.

22. The Defendant owed Plaintiffs a duty to use ordinary cared to keep the premises in a reasonably safe condition. This includes the duty to inspect and maintain the premises to discover defects that a reasonably careful inspection or regular maintenance would reveal.

23. In this case, a reasonable careful inspection and/or routine maintenance would have revealed an unsafe electric cart.

24. Additionally, the Defendant had a duty to take whatever actions were reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk from the premises. This would include a duty to warn Plaintiff about the dangerous condition or make it safe, which the Defendant failed to do.

25. The Defendant's breach proximately caused Mrs. Rodas' injuries. Mrs. Rodas would not have been inured but for Defendant's failure to: (a) perform a reasonably careful inspection and routine maintenance of the carts; (b) warn Plaintiffs of the dangerous condition; and (c) eliminate the unreasonable risk that patrons may be electrocuted due to poorly maintained equipment.

26.     As a result of the dangerous condition, Plaintiffs seeks damages for physical pain, mental anguish, physical impairment, medical expenses, loss of services, and consortium.  Plaintiffs further seek any and all damages allowable by law, including but not limited to, prejudgment and post judgment interest as well as court costs.

### B.     *Negligence*

27.     Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

28.     The Defendant owed a legal duty to Plaintiffs. Specifically, the Defendant owed Plaintiffs a duty to: (1) use ordinary care in hiring, training, supervising, and retaining its employees; (2) exercise reasonable care to avoid a foreseeable risk of injury to others; (3) use ordinary care in maintaining the premises in a safe condition by inspecting the property for any dangerous conditions and by making safe any latent defect or giving warning of any defect; (4) use ordinary care in exercising whatever control it retains over an independent contractor or subcontractor; and (5) use ordinary care in selecting an independent contractor. The Defendant owes these duties to all invitees who visit the establishment.

29.     The Defendant breached its legal duties to Plaintiffs.  First, Defendant did not use ordinary care in training their employees. The Defendant's employees failed to: (1) warn the patrons or give notice of the dangerous condition; (2) cure or safeguard the dangerous condition; (3) inspect the premises for dangerous conditions or defects in the chairs; (4) prevent injury to others if it reasonably appears or should appear that in the exercise of their lawful rights, others may be injured by a dangerous condition that was created by the individual; (5) exercise reasonable care to avoid a foreseeable risk of injury to others; (6) take affirmative action or control to avoid increasing the danger from a condition that has been at least partially created by the individual's conduct; and (7) exercise reasonable care in performing services that the employees should

recognize as necessary for the protection of other persons or things. An employer exercising ordinary care would have trained its employees to monitor the chairs and inspect them for defects capable of causing injury to patrons.

30.     Second, Defendant did not use ordinary care in maintaining the premises in a safe condition by inspecting their property for any dangerous conditions and by making safe any latent defects or warning Plaintiffs of any defects. If the Defendant had exercised ordinary care in maintaining the premises and inspecting the carts, it would have discovered the dangerous condition.

31.     The Defendant and its employees' breach of their duties to Plaintiffs proximately caused their injuries. The breach of these duties to Plaintiffs was a substantial factor in bringing about his injuries. The employees' negligence would not have occurred but for Defendant's failures and the dangerous condition would have been cured or Plaintiffs would have been warned if the Defendant had fulfilled its duties to Plaintiffs.

32.     As a result of the damages caused by Defendant's actions, Plaintiffs seek damages for physical pain, mental anguish, physical impairment, medical expenses, loss of services, and consortium. Plaintiffs further seek any and all damages allowable by law, including but not limited to, prejudgment and post judgment interest as well as court costs.

## C.     *Respondeat Superior*

33.     Defendant is vicariously liable for the torts committed by its employees. Plaintiffs were injured by Defendant's employees' negligence while they were acting within the course and scope of employment. The employees' actions were within the employee's general authority, in furtherance of the Defendant's business, and were committed to accomplish an objective for which the employee was hired.

## D.     *Exemplary Damages*

34. Plaintiffs seek exemplary damages as a result of the injuries caused by Defendant.

35. Defendant's conduct as described above constituted gross negligence, in that Defendant's acts or omissions: (1) when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  As a result, Plaintiffs seek exemplary damages in this action under Sections 41.001 et. seq. of the Texas Civil Practice and Remedies Code.

## V. JURY DEMAND

36. Plaintiffs herein request a jury trial and along with the filing of the Original Complaint, tenders to the Clerk of the Court the statutory jury fee.

## VI. PRAYER

For these reasons, Plaintiffs ask that the court issue citation for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

a. Actual damages;

b. Exemplary damages;

c. Mental anguish damages;

d. Loss of services;

e. All other damages asserted herein;

f. Prejudgment and postjudgment interest;

g. Court Costs;

h. Attorney fees; and

i. All other relief to which Plaintiffs are entitled, in law or in equity.

Respectfully submitted,

**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
Fax (956) 621-0135

*/s/ Tomas F. Tijerina*
Tomas F. Tijerina
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com
Benigno (Trey) Martinez
State Bar No. 00797011
Federal ID No. 23945
trey@mbmtlawfirm.com

**Law Office of Aaron W. Rendon, P.L.L.C.**
777 E. Harrison St
Brownsville, Texas 78520
Ph. (956) 620-3131
Fax. (956) 620-3137

*/s/ Aaron W. Rendon*
Aaron W. Rendon
Texas Bar No. 24094150
Federal ID No. 3299052
Email: aaron@aredonlaw.com

**ATTORNEYS FOR PLAINTIFFS**